UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA

FILED
John E. Triplett, Acting Clerk
United States District Court

By mgarcia at 2:01 pm, Sep 25, 2020

UNITED STATES OF AMERICA

v.

JAMES MARTIN GRAHAM

Case No. 2:17cr002

ORDER ON MOTION FOR
SENTENCE REDUCTION UNDER
18 U.S.C. § 3582(c)(1)(A)

(COMPASSIONATE RELEASE)

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a

reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable

factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the

Sentencing Commission,

IT IS ORDERED that the motion is:

☐ GRANTED

    ☐ The defendant's previously imposed sentence of imprisonment of      is reduced to

. If this sentence is less than the amount of time the defendant already served, the sentence

is reduced to a time served; or

    ☐ Time served.

If the defendant's sentence is reduced to time served:

    ☐     This order is stayed for up to fourteen days, for the verification of the

defendant's residence and/or establishment of a release plan, to make

appropriate travel arrangements, and to ensure the defendant's safe

release. The defendant shall be released as soon as a residence is verified,

a release plan is established, appropriate travel arrangements are made,

and it is safe for the defendant to travel. There shall be no delay in ensuring travel arrangements are made. If more than fourteen days are needed to make appropriate travel arrangements and ensure the defendant's safe release, the parties shall immediately notify the court and show cause why the stay should be extended; or

☐ There being a verified residence and an appropriate release plan in place, this order is stayed for up to fourteen days to make appropriate travel arrangements and to ensure the defendant's safe release. The defendant shall be released as soon as appropriate travel arrangements are made and it is safe for the defendant to travel.  There shall be no delay in ensuring travel arrangements are made. If more than fourteen days are needed to make appropriate travel arrangements and ensure the defendant's safe release, then the parties shall immediately notify the court and show cause why the stay should be extended.

☐ The defendant must provide the complete address where the defendant will reside upon release to the probation office in the district where they will be released because it was not included in the motion for sentence reduction.

☐ Under 18 U.S.C. § 3582(c)(1)(A), the defendant is ordered to serve a "special term" of ☐ probation or ☐ supervised release of            months (not to exceed the unserved portion of the original term of imprisonment).

☐ The defendant's previously imposed conditions of supervised release apply to the "special term" of supervision; or

☐ The conditions of the "special term" of supervision are as follows:

☐ The defendant's previously imposed conditions of supervised release are unchanged.

☐ The defendant's previously imposed conditions of supervised release are modified as follows:

☐ DEFERRED pending supplemental briefing and/or a hearing.  The court DIRECTS the United States Attorney to file a response on or before          , along with all Bureau of Prisons records (medical, institutional, administrative) relevant to this motion.

☒ DENIED IN PART after complete review of the motion on the merits.

☒ FACTORS CONSIDERED (Optional)

Defendant James Graham states that his cystic sinusitis qualifies as an "extraordinary and compelling reason" for his compassionate release under 18 U.S.C. § 3582(c).  The Court finds that he has exhausted his administrative remedies with regard to this particular medical condition.  The Court also finds, however, that Graham has not shown that cystic sinusitis is a qualifying medical condition under § 3582(c).  With regard to the CDC's risk assessment of medical conditions for contracting a serious case of COVID-19, the condition is listed as neither an "increased risk" nor a "might be at an increased risk" condition.  Moreover, Graham has not provided evidence regarding his cystic sinusitis, and his medical records from the past year do not mention it.  Indeed, Graham's medical records generally show that he is in good health.

Moreover, the factors contained in 18 U.S.C. § 3553(a) weigh in favor of denying Graham's request.  His offense of conviction, possession of child pornography, is quite serious. While he argues that his crime was "victimless," the Court finds otherwise.  He was attributed with the equivalent of 4,050 images on his computer.  In his motion, Graham shows no

appreciation for the seriousness of his offense and minimizes his conduct.  The Court finds that Graham would be a danger to the community if released.  Furthermore, he has served less than half of his sentence.  To grant Graham compassionate release at the juncture would not reflect the seriousness of his crime, promote respect for the law, provide just punishment for the offense, nor afford general or specific deterrence for similar offenses.

☒ DENIED WITHOUT PREJUDICE IN PART because the defendant has not exhausted all administrative remedies as required in 18 U.S.C. § 3582(c)(1)(A), nor have 30 days lapsed since receipt of the defendant's request by the warden of the defendant's facility.

Graham has not exhausted his administrative remedies with regard to other medical conditions, specifically hypertension and high body mass index.  In order to fully exhaust his administrative remedies for seeking compassionate release based on these medical conditions, Graham should have brought them to the Bureau of Prisons attention in his reduction-in-sentence ("RIS") request.  His RIS request mentions only cystic sinusitis. Therefore, the other medical conditions are not properly before this Court for consideration.

IT IS SO ORDERED.

Dated:

September 24, 2020

_____
UNITED STATES DISTRICT JUDGE