UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA

UNITED STATES OF AMERICA

v.

JAMES MARTIN GRAHAM

Case No. 2:17cr002

ORDER ON MOTION FOR
SENTENCE REDUCTION UNDER
18 U.S.C. § 3582(c)(1)(A)

(COMPASSIONATE RELEASE)

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☐ GRANTED

    ☐ The defendant's previously imposed sentence of imprisonment of _____ is reduced to _____. If this sentence is less than the amount of time the defendant already served, the sentence is reduced to a time served; or

    ☐ Time served.

If the defendant's sentence is reduced to time served:

        ☐ This order is stayed for up to fourteen days, for the verification of the defendant's residence and/or establishment of a release plan, to make appropriate travel arrangements, and to ensure the defendant's safe release. The defendant shall be released as soon as a residence is verified, a release plan is established, appropriate travel arrangements are made,

and it is safe for the defendant to travel. There shall be no delay in ensuring travel arrangements are made. If more than fourteen days are needed to make appropriate travel arrangements and ensure the defendant's safe release, the parties shall immediately notify the court and show cause why the stay should be extended; or

☐ There being a verified residence and an appropriate release plan in place, this order is stayed for up to fourteen days to make appropriate travel arrangements and to ensure the defendant's safe release. The defendant shall be released as soon as appropriate travel arrangements are made and it is safe for the defendant to travel. There shall be no delay in ensuring travel arrangements are made. If more than fourteen days are needed to make appropriate travel arrangements and ensure the defendant's safe release, then the parties shall immediately notify the court and show cause why the stay should be extended.

☐ The defendant must provide the complete address where the defendant will reside upon release to the probation office in the district where they will be released because it was not included in the motion for sentence reduction.

☐ Under 18 U.S.C. § 3582(c)(1)(A), the defendant is ordered to serve a "special term" of ☐ probation or ☐ supervised release of _____ months (not to exceed the unserved portion of the original term of imprisonment).

☐ The defendant's previously imposed conditions of supervised release apply to the "special term" of supervision; or

☐ The conditions of the "special term" of supervision are as follows:

☐ The defendant's previously imposed conditions of supervised release are unchanged.

☐ The defendant's previously imposed conditions of supervised release are modified as follows:

☐ DEFERRED pending supplemental briefing and/or a hearing. The court DIRECTS the United States Attorney to file a response on or before _____, along with all Bureau of Prisons records (medical, institutional, administrative) relevant to this motion.

☒ DENIED after complete review of the motion on the merits.

☒ FACTORS CONSIDERED (Optional)

Defendant contends his medical conditions, cystic sinusitis and hypertension, along with the risks associated with COVID-19, warrant compassionate release pursuant to 18 U.S.C. § 3582(c). First, though Defendant's medical records confirm that he has allergic rhinitis (also known as hay fever), the records do not reflect that it substantially affects his ability to engage in self-care within his facility. Indeed, the records show that Defendant has had normal pulmonary exams, and his oxygen saturation rate has been ninety-eight percent on room air. Secondly, the CDC has not recognized allergic rhinitis as a condition for which individuals "might be at an increased risk" or "are at an increased risk" of a serious case of COVID-19. On the other hand, hypertension has been recognized by the CDC as a condition which "possibly" can make a person more prone to severe illness. However, Defendant's medical records show that his hypertension is being monitored and treated with prescription medications. Furthermore, his declining receipt of a COVID-19 vaccine undermines his argument that his health puts him at an increased risk for contracting a serious case of the virus. See, e.g., United States v. Ortiz, No. 5:18-CR-00264, 2021

3

WL 1422816, at *4 (E.D. Pa. Apr. 15, 2021) ("[W]hile a petitioner who declines a COVID vaccine is 'within his rights to refuse any treatment he wishes to forego, he cannot simultaneously claim that he must be released because of the risk of complications while refusing a vaccine that could virtually eliminate that risk.'"). Finally, the Bureau of Prisons' website reflects no confirmed inmate COVID-19 cases in Defendant's facility as of May 10, 2021. The Court concludes that Defendant has not met his burden to show an extraordinary and compelling reason to warrant compassionate release.

Finally, even if the Court were to assume Defendant had met his burden to show an extraordinary and compelling reason for compassionate release, the factors contained in 18 U.S.C. § 3553(a) weigh in favor of Defendant serving the sentence imposed. In the present case, Defendant was attributed with the equivalent of 4,050 images of child pornography on his computer. On July 7, 2017, pursuant to a written plea agreement, Defendant pleaded guilty to possession of child pornography. With a criminal history category of II and a total offense level of 35, Defendant's sentencing guideline range was 188 to 235 months' imprisonment. In January 2018, the Court sentenced Defendant to the lower end of the guidelines at 188 months' imprisonment. Currently, Defendant's projected release date is May 31, 2030, meaning he has about nine years left to serve. If Defendant were released now, he will have served well below his favorable sentence. Notably, too, Defendant continues to make light of his offense of conviction, describing his offense as "strictly computer related" with "no child victims" and "no use of violence." The Court concludes that granting Defendant compassionate release at this juncture would not reflect the seriousness of his crime, promote respect for the law, provide just punishment for the offense, nor afford general or specific deterrence for similar offenses.

☐ DENIED WITHOUT PREJUDICE because the defendant has not exhausted all administrative remedies as required in 18 U.S.C. § 3582(c)(1)(A), nor have 30 days lapsed since receipt of the defendant's request by the warden of the defendant's facility.

IT IS SO ORDERED.

Dated:

May 13, 2021

_____
UNITED STATES DISTRICT JUDGE